## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GLORIA J. SANFORD,
               Appellant,

        v.

DEPARTMENT OF THE INTERIOR,
               Agency.

DOCKET NUMBER
DE-3443-17-0175-I-1

DATE: January 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gloria J. Sanford, Littleton, Colorado, pro se.

Nanette Gonzales, Esquire, Lakewood, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her nonselection appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      In October 2016, the agency posted a vacancy announcement for a GS-14 Supervisory Accountant.  Initial Appeal File (IAF), Tab 11 at 153-62.  To be qualified, an applicant was required to "possess one year of specialized experience equivalent to at least the GS-13 level."  *Id.* at 154.  Additionally, applicants were also required to meet a basic education requirement in one of two ways.  *Id.*  Under "Method 1" an applicant could meet the education qualification through a "[d]egree in accounting or a degree in a related field . . . that included or was supplemented by 24 semester hours in accounting."  *Id.* at 154.

¶3      More relevant to the instant appeal, under "Method 2," an applicant could meet the education qualification through "at least 4 years of experience in accounting, or an equivalent combination of accounting experience, college-level education, and training that provided professional accounting knowledge."  *Id.* Under Method 2, an applicant's background also had to include either (1) "[24] semester hours in accounting or auditing courses of appropriate type and quality," (2) "[a] certificate as Certified Public Accountant or a Certified Internal Auditor," or (3):

> Completion of the requirements for a degree that included substantial course work in accounting or auditing, e.g., 15 semester hours, but that does not fully satisfy the [aforementioned] 24-semester-hour requirement, provided that (a) the applicant has successfully worked at the full-performance level in accounting, auditing, or a related field, e.g., valuation engineering or financial institution examining; (b) a panel of at least two higher level professional accountants or auditors has determined that the applicant has demonstrated a good knowledge of accounting and of related and underlying fields that equals in breadth, depth, currency, and level of advancement that which is normally associated with successful completion of the 4-year course of study [previously] described; and (c) except for literal nonconformance to the requirement of 24 semester hours in accounting, the applicant's education, training, and experience fully meet the specified requirements.

*Id.* at 154, 156.

¶4      The appellant applied for the Supervisory Accountant vacancy, indicating that she met the education qualification through Method 2. IAF, Tab 11 at 148. The appellant indicated that, of the three ways in which such an applicant could satisfy the added background requirement, she satisfied the third. *Id.* In other words, using the labels from above, the appellant indicated that her background included the following: 4 years of experience in accounting or a related field, (3) completion of substantial course work that did not total 24 hours, (a) successful work at the full performance level, (b) approval from an appropriate panel of higher level professionals, and (c) education, training, and experience that met specified requirements. *Id.*

¶5      After reviewing the appellant's application, the agency concluded that she was not qualified for the vacancy. *E.g.*, *id.* at 35-38, 52. Specifically, the agency determined that the appellant did not satisfy requirement (a) because although she had experience as a GS-13, she had not worked at the full performance level of the vacancy at issue, GS-14. *E.g.*, *id.* at 52. The agency also concluded that the appellant did not satisfy requirement (c) because she lacked the necessary specialized experience. *Id.*

¶6     The appellant filed the instant Board appeal, alleging that she is qualified for the Supervisory Accountant vacancy. IAF, Tab 1 at 5. She again pointed to her prior GS-13 experience and alleged that she met the qualifications through Method 2, described above. IAF, Tab 10 at 4-6. The administrative judge responded to the appeal by issuing an order that explained the limited circumstances in which the Board has jurisdiction over a nonselection and instructing the appellant to meet her jurisdictional burden. IAF, Tab 2 at 2-6. After both parties responded to the order, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 18, Initial Decision (ID). He found that the appellant failed to prove or even nonfrivolously allege that the Board has jurisdiction over this appeal. ID at 2-4.

¶7     The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response and the appellant has replied. PFR File, Tabs 11-12.

¶8     On review, the appellant summarily asserts that "[t]here is no requirement that an obstruction of Justice must go before the Office of Special Counsel prior to the [Board]. This as I stated [below] was an obstruction of justice." PFR File, Tab 1 at 4. The appellant also alleges that the administrative judge was biased, and she requests that a new administrative judge be assigned to her appeal. PFR File, Tab 1 at 4, Tab 12 at 4-5. We are not persuaded.

¶9     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board does not have direct jurisdiction over an employee's nonselection for a vacant position. *E.g.*, *Gryder v. Department of Transportation*, 100 M.S.P.R. 564, ¶ 9 (2005). However, there are some limited circumstances in which an appellant may otherwise establish jurisdiction in an appeal involving her nonselection. For example, an appellant may challenge her nonselection in the context of an individual right of action (IRA) appeal. *Id.*; *see Linder v. Department of Justice*,

122 M.S.P.R. 14, ¶ 6 (2014) (recognizing that the Board has jurisdiction over an IRA appeal if an appellant exhausts her administrative remedies before the Office of Special Counsel and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)).

¶10    The administrative judge recognized the limited circumstances in which an appellant may establish the Board's jurisdiction over her nonselection. IAF, Tab 2 at 2-6. Among other things, he noted the aforementioned exception, where the Board may have jurisdiction over a nonselection if an appellant alleges improper retaliation covered by 5 U.S.C. § 2302(b). *Id.* at 5-6. The administrative judge indicated that, if the appellant responded by indicating that she wished to pursue any such claim, he would provide additional notice to further explain her burden. *Id.* at 6.

¶11    In her timely response, the appellant presented extensive argument and evidence concerning her qualifications, but no arguments implicating any of the avenues for Board jurisdiction recognized by the administrative judge.[2] IAF,

---

[2] We recognize that the record does include indications that the appellant is entitled to veterans' preference. IAF, Tab 1 at 1. However, none of her allegations appear to implicate the Veterans Employment Opportunities Act of 1998 (VEOA). *See generally Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015) (recognizing the two types of VEOA claims over which the Board has jurisdiction—claims involving an improper denial of a right to compete and claims involving a violation of a statute or regulation relating to veterans' preference); *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶¶ 15-18 (2014) (recognizing that 38 U.S.C. § 4214 exempts preference eligibles from minimum education requirements in some limited circumstances, but never in the case of a GS-14 level position), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016); *Ramsey v. Office of Personnel Management*, 87 M.S.P.R. 98, ¶ 9 (2000) (recognizing that nothing in VEOA exempts covered veterans from meeting minimum qualification standards of vacant positions). The appellant's allegations also contain nothing that could be reasonably construed as a Uniformed Services

Tab 10.    Later, in an untimely submission, the appellant invoked sections 2302(b)(1)-(13), but she presented no corresponding allegations.  IAF, Tab 15 at 4-6.  She simply stated that "Under 5 U.S.C. § 2302(b)(1)-(b)(13) an Agency may not deceive or willingly obstruct any person from competing for employment."  *Id.* at 4, 6.  The administrative judge found that this late argument did not change the outcome.  ID at 3.  Among other things, he correctly noted that prohibited personnel practices are not directly appealable to the Board.  *Id.*; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).  To the extent that the appellant's petition for review suggests otherwise, we are not persuaded.

¶12    The appellant's argument throughout this appeal has been that the agency erred in finding that she did not meet the minimum requirements of the Supervisory Accountant vacancy.  IAF, Tab 1 at 5, Tab 8 at 4-5, Tab 10 at 4-7, Tab 12 at 4-6.  Her mere citation to sections 2302(b)(1)-(13) during one of her iterations of that same argument, in a context unrelated to the protections afforded by section 2302(b), is unavailing.  *See* IAF, Tab 15 at 4-6.  It did not establish jurisdiction or even amount to a nonfrivolous allegation.  *See* 5 C.F.R. § 1201.4(s) (defining a nonfrivolous allegation as "an assertion that, if proven, could establish the matter at issue" and recognizing that "[a]n allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory; is plausible on its face; and is material to the legal issues in the appeal").  Moreover, the appellant's allegations did not trigger the administrative judge's offer to provide further information about her burden upon indication that she intended to pursue one of

Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) claim.  *See generally Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005) (recognizing the two types of USERRA claims over which the Board has jurisdiction—claims involving an agency's failure to meet its reemployment obligations following an employee's absence due to uniformed service and claims of discrimination involving uniformed service).  If the appellant meant to challenge the nonselection as a claim under VEOA or USERRA, she may file a separate appeal on that basis.  We make no finding as to whether the VEOA appeal would be deemed timely.

the specific exceptions where the Board may have jurisdiction over her nonselection. IAF, Tab 2 at 6. Therefore, we discern no error in the administrative judge's dismissal for lack of jurisdiction.

¶13 Although we have considered the appellant's allegations of bias and improper conduct by the administrative judge, PFR File, Tab 1 at 4, Tab 12 at 4-5, we find that they generally reflect a misunderstanding of the Board's jurisdictional limitations and adjudicatory processes. They do not overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.